IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWIN VICTOR EKHOLM, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:13-CV-0142-D |
| VS. § | |
| § | |
| T.D. AMERITRADE, INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this case involving a contest over the proceeds of a decedent's Rollover Individual Retirement Account ("IRA"), the court must decide how to realign the parties, whether the realignment impacts its subject matter jurisdiction, and whether the probate exception or principles of comity require that the court decline to hear the case. Concluding that the parties should be realigned as in an interpleader action (which will maintain complete diversity of citizenship) and that neither the probate exception nor principles of comity require that the court decline to hear the case, the court denies the instant motion to realign and dismiss.

I

This is an action by plaintiff Edwin Victor Ekholm ("Edwin") against defendant T.D. Ameritrade, Inc. ("TD Ameritrade") seeking a declaration that he is the sole beneficiary of an IRA established by his late father, James Phillip Ekholm ("James"), and that TD Ameritrade is required to distribute the IRA proceeds to him. Pursuant to an agreed motion

between Edwin and TD Ameritrade, Edwin added Dana Lynne Joplin ("Joplin") as an involuntary plaintiff. Joplin is the Independent Executrix of James's estate.

When James opened the IRA at TD Ameritrade, he named his wife Vicki F. Ekholm ("Vicki") as beneficiary; he did not name a contingent beneficiary. Vicki died in 2008, and James died in 2012. Under James's will (the "Will"), he left his "entire estate" to Vicki. Joplin App. 8. If Vicki did not survive him, however, he left his estate equally to "our children." *Id.* The Will defined "our children" as including Edwin, who is James's only biological child, and Vicki's two daughters, Joplin and her sister Darla Dunlap Ray. *Id.* at 6. The Will named Joplin as Independent Executrix of James's estate.

Following James's death, Edwin notified TD Ameritrade that he was the beneficiary of the IRA and made a demand for the proceeds. Joplin made a competing claim on behalf of James's estate. TD Ameritrade refused to distribute the funds either to Edwin or to Joplin, notifying them it would hold the funds until it received a court order determining the proper beneficiary.

Edwin sued TD Ameritrade in this court seeking a declaration that he is the sole beneficiary of the IRA and that TD Ameritrade is required to distribute the funds to him. TD Ameritrade moved to dismiss under Fed. R. Civ. P. 12(b)(7), contending that Edwin had failed to join Joplin as a necessary party under Rule 19. A few days later, Joplin filed a declaratory action against Edwin and TD Ameritrade in the Harris County Probate Court. Edwin and TD Ameritrade submitted in this suit an agreed motion (which the court granted) to join Joplin as an involuntary plaintiff.

- 2 -

Joplin moves to realign the parties, contending that her interests are directly adverse to Edwin's. On the assumption that the court realigns the parties, Joplin moves under Rule 12(b)(1) or (2)[1] to dismiss based on a lack of diversity and subject matter jurisdiction.

## II

Joplin moves to realign the parties, contending that her interests are directly adverse to Edwin's. She states in her motion: "[Joplin] contends the proceeds of the IRA are properly payable to the estate and should be distributed under the terms of [James's] Will to all rightful beneficiaries. [Edwin], on the other hand, believes he is the only person entitled to the IRA." Joplin Mot. 6. Joplin requests that the court realign her as a defendant.

"In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (internal quotation marks and citation omitted). "[T]he generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." *Id*. (internal quotation marks and citation omitted). "This test is meant to ensure that there is an actual, substantial, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC*, 2007 WL 2229050, at *4 (N.D. Tex.

---

[1] Joplin appears to move for a dismissal under Rule 12(b)(2), but has neither shown (nor argued) that the court does not have *personal* jurisdiction over her. Accordingly, her motion to dismiss pursuant to Rule12(b)(2) is denied.

Aug. 3, 2007) (Fitzwater, J.) (quoting *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984)). Accordingly, "realignment is to be determined according to the principal purpose of the suit and the primary and controlling matter in dispute." *Lowe*, 723 F.2d at 1178 (internal quotation marks and citation omitted).

The "principal purpose" of this suit is to determine which claimant—Edwin or Joplin (on behalf of James's estate)—is entitled to the proceeds of the IRA. TD Ameritrade currently holds the disputed funds. In its answer to Edwin's second amended complaint, it asserts that Edwin and Joplin have made conflicting demands for the proceeds of the same account, and it requests that the court "determine the appropriate distribution of the proceeds in the IRA Account at issue so that [TD Ameritrade] may distribute the proceeds."[2] D. Ans. 5. татTD Ameritrade makes no claim of its own to the IRA.

Although not pleaded as such, this case is akin to an interpleader action.[3] Generally stated, the purpose of an interpleader action is to protect a stakeholder from liability when faced with the threat of multiple inconsistent claims to a single fund. It does this by allowing the stakeholder to tender the contested funds to the court in lieu of defending against multiple possible lawsuits. *See Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006). An interpleader action allows the stakeholder to pay the money in dispute into court, withdraw

---

[2]TD Ameritrade also requests attorney's fees and costs.

[3]Although this case is essentially an interpleader action, it has not been pleaded as one, and TD Ameritrade has not tendered the full proceeds of the IRA to the court. Accordingly, until the requirements of an interpleader action are met, the court will continue to treat the suit as one seeking only a declaratory judgment.

from the proceedings, and leave the claimants to litigate between themselves their entitlement to the funds. *See Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002). Because this case is essentially an interpleader action, the proper alignment of parties is for TD Ameritrade (the stakeholder) to be the plaintiff and for Joplin and Edwin (the claimants) to be the defendants. Accordingly, although the court agrees that the parties should be realigned, it does not concur that they should be realigned precisely as Joplin requests. Therefore, her motion to realign is denied. Instead, the court raises *sua sponte* that Joplin and Edwin should both be realigned as defendants and that TD Ameritrade should be realigned as the plaintiff.

Because the court is raising this proposed realignment *sua sponte*, it will permit the parties to file opposition responses within 21 days of the date this memorandum opinion and order is filed. After considering the responses, the court will decide whether to permit further briefing. If any response filed does not persuade the court to alter this decision, it will order the parties realigned according to this memorandum opinion and order.

III

Joplin moves to dismiss the case under Rule 12(b)(1), contending that, once the parties are realigned, the court will no longer have diversity jurisdiction. Because the court does not intend at this time to realign the parties so that Edwin and Joplin are on opposite sides of the case, diversity jurisdiction under 28 U.S.C. § 1332 will not be destroyed.

Diversity jurisdiction requires that "'all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling*

*Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). This means that no plaintiff can be a citizen of the same state as even one defendant. TD Ameritrade is alleged to be a citizen of Nebraska, and Joplin and Edwin are alleged to be citizens of Texas. Therefore, if the court realigns TD Ameritrade as the stakeholder plaintiff and Edwin and Joplin as the competing defendants, there will be complete diversity. Joplin's motion to dismiss under Rule 12(b)(1) is therefore denied.[4]

IV

Joplin also moves to dismiss under Rule 12(b)(1) on the ground that the case should be decided by the Probate Court where her declaratory judgment action is pending. She maintains that, because the instant lawsuit involves a determination of the property rights of James's estate, it presents a claim related to the probate proceeding that must be brought in the statutory probate court under Tex. Prob. Code Ann § 4F (West Supp. 2012). Joplin also contends that, because her suit in the Probate Court was filed and served on all proper parties before the time all proper parties were named and served in this action, the Probate Court has "primary jurisdiction" over the subject matter and the parties. Joplin Mot. 11. Finally, Joplin asks the court, as a matter of comity, to defer to the jurisdiction of the Probate Court where the estate is pending.

---

[4]Because the court concludes that it would have diversity jurisdiction under 28 U.S.C. § 1332, it need not address Joplin's argument that the court lacks federal question jurisdiction.

A

Joplin has failed to establish that the probate exception to federal jurisdiction applies.[5] The probate exception is a judge-made exception that precludes federal courts from interfering with probate proceedings. *See Markham v. Allen*, 326 U.S. 490, 494 (1946). In *Markham* the Court held that federal courts have jurisdiction over claims "in favor of creditors, legatees, and he[ir]s and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.* (internal quotation marks and citation omitted). More recently, the Supreme Court reiterated that the probate exception should be construed narrowly, and it clarified its scope. *See Marshall v. Marshall*, 547 U.S. 293, 310-12 (2006). In *Marshall* the Court explained that "the probate exception reserves to state probate courts the probate or

---

[5]To the extent Joplin argues the Probate Court has "primary jurisdiction," Joplin Mot. 11, that doctrine is inapposite. "The doctrine of primary jurisdiction attempts to maintain 'proper relationships between the courts and administrative agencies' by suspending judicial process pending the 'referral' of certain issues to an administrative agency for its views." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 809 (5th Cir. 2011) (quoting *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63-64 (1956)). The Probate Court is not an administrative agency, and there is no reason why the doctrine of primary jurisdiction would preclude this court from adjudicating Edwin's action.

To the extent Joplin argues the Probate Court has "dominant jurisdiction," Joplin Mot. 5, she acknowledges in her reply brief that when suits are filed in federal court and state court, dominant jurisdiction does not apply. *Id.* at 11; *see also Donovan v. Dallas*, 377 U.S. 408, 412-13 (1964) ("Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings"; "'where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court.'" (citations omitted)).

annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id*. at 311-12.  The Court emphasized, however, that "it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id*. at 312.

Edwin's declaratory judgment action does not necessarily fall within the probate exception.  He is not asking that this court perform functions such as probating James's will, administering James's estate, and disposing of property in the custody of the Probate Court. *See id.*  Accordingly, Joplin has failed to show that the court lacks subject matter jurisdiction over Edwin's action.

B

Nor has Joplin established that "as a matter of comity," the court should decline to exercise jurisdiction over Edwin's declaratory judgment action.

As a general rule, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Federal courts can, however, abstain from deciding a federal action if there is a pending state court action involving the same parties and subject matter, to preserve "traditional principles of equity, comity, and federalism." *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1142 (8th Cir. 1990).  Whether a federal court should abstain from hearing an action under one of the abstention doctrines, including *Colorado River*, is within the court's discretion.  *Murphy v. Uncle Ben's, Inc*., 168 F.3d 734, 737 (5th Cir. 1999).

Under the *Colorado River* doctrine, a court can abstain from a case that is part of parallel, duplicative litigation under "exceptional circumstances." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002). In determining whether "exceptional circumstances" exist, the Supreme Court has identified six relevant factors: (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Id.* These factors are not applied mechanically, but carefully balanced "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

Joplin argues that it will be costly to litigate Edwin's declaratory judgment action in federal court and that the costs must be paid from the proceeds of the IRA. She also points out that James's estate is pending in the Probate Court, that the "first filed and served declaratory judgment action" is pending in the Probate Court, and that the decedent resided in Harris County. Joplin Reply 12. Having considered all of the *Colorado River* factors, the court concludes that Joplin has failed to demonstrate that the court should abstain. Although Edwin was served with process in the Probate Court case before Joplin was served with process in this case, this case was filed first, and is proceeding apace. The IRA proceeds have not been tendered into the registry of this court or the Probate Court. And the fact that James's residence was in Harris County does not persuade the court that it would be

inconvenient for the parties to litigate this relatively straightforward matter in federal court in Dallas. Joplin does not address the other *Colorado River* factors and does not otherwise provide the court with any basis to conclude that abstention under *Colorado River* or any other abstention doctrine is warranted.

Accordingly, to the extent Joplin requests that this court refrain from exercising jurisdiction over this case "as a matter of comity," the court denies the motion.

\* \* \*

For the foregoing reasons, the court denies Joplin's motion to realign and raises *sua sponte* that TD Ameritrade should be realigned as the plaintiff and that Edwin and Joplin should be realigned as defendants. The court grants the parties 21 days from the date this memorandum opinion and order is filed to file an opposition response to the court's proposed realignment of the parties. The court denies Joplin's motion to dismiss under Rule 12(b)(1) and (2).[6]

**SO ORDERED.**

August 14, 2013.

                                                            SIDNEY A. FITZWATER
                                                            CHIEF JUDGE

---

[6]Under the court's July 25, 2013 order granting Joplin's motion for a continuance of Edwin's motion for summary judgment, Joplin must now complete any needed discovery and file her response to the motion no later than 60 days after the date this memorandum opinion and order is filed.